DAROLD G. DUNN AND ANOTHER v.
GAIL M. FLOWER AND ANOTHER.

208 N. W. 2d 741.

June 15, 1973—No. 43758.

*Fahlgren & Hartfeldt, Will Hartfeldt,* and *William A. Peters,* for appellants.

*Ronald G. Gandrud,* for respondents.

Heard before Knutson, C. J., and Otis, Todd, and MacLaughlin, JJ.

PER CURIAM.

This is an appeal by defendants from a judgment and from an order denying a new trial. We affirm in part and reverse in part.

On July 10, 1963, defendants sold a residence and part of a lot to plaintiffs on a contract for deed. The residence was old and was served by a septic tank, cesspool, and drainage field. The tank and cesspool are located on the property purchased by plaintiffs, but the drainage field field extends onto the part of the lot retained by defendants.

On July 10, 1969, plaintiffs tendered $500 to defendants, the amount

remaining to be paid on the contract for deed, and requested the deed from defendants. Defendants refused the tender, taking the position that plaintiffs should discontinue use of the drainage system over defendants' property.

Plaintiffs then brought this action for specific performance of the contract for deed, and defendants requested a declaratory judgment determining the rights of the parties concerning the drainage system. Plaintiffs claimed an easement over defendants' property for the purpose of a sewer drain field.

The trial commenced, but midway through the testimony, the parties reached a settlement of their dispute. Subsequently, however, defendants failed to comply with the settlement, and the trial court thereupon entered judgment for plaintiffs pursuant to the settlement. The judgment granted plaintiffs the fee simple title to the land which was the subject of the contract for deed and further granted plaintiffs an appurtenant easement over defendants' land for the purpose of a sewer drain field. Following denial of their subsequent motion to reopen the judgment and grant them a new trial, defendants appealed to this court.

Five days after defendants' brief was filed in this case, plaintiffs connected their sewer system to the local municipal sewer district, thereby obviating any necessity for an easement over defendants' land.

The trial court's order and judgment were based upon the settlement between the parties at the time of trial. Neither party has in any way attacked the settlement in this court. Moreover, so far as the record discloses, the merits and validity of the settlement were not raised before the trial court, and no attack was made on the propriety of the trial court's basing its order and judgment on the settlement. Those issues cannot be brought before this court for the first time on appeal. 1B Dunnell, Dig. (3 ed.) § 407. The judgment must therefore be affirmed, except as otherwise stated herein.

It clearly appears that plaintiffs have chosen to make exclusive use of the municipal sewer system and that it is no longer necessary for them to have an easement over defendants' land for sewer purposes. Therefore, we affirm the trial court's judgment in all respects except that the provision creating an easement in favor of plaintiffs over defendants' land for purposes of a sewer drain field should be stricken from the judgment. Plaintiffs were entitled to the easement up to the time they connected into the municipal sewer system. However, because the easement is no longer necessary, we see no reason to burden defendants' land with the easement in the future.

Plaintiffs may tax their costs and disbursements in this court.

Affirmed in part and reversed in part.